United States District Court
Southern District of Texas
**ENTERED**
January 17, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL CORONADO JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 1:14-CV-231 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Court has before it Petitioner's petition for a writ of habeas corpus (Dkt. No. 1), the Report and Recommendation ("R&R") of the Magistrate Judge to whom this case was referred pursuant to 28 U.S.C. § 636(b) (Dkt. No. 68), and the objections to the R&R filed by Petitioner (Dkt. No. 95) and Respondent (Dkt. No. 94). The Court has conducted an independent review of the record, the applicable law, and the parties' objections.

For the reasons below, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's proposed findings and recommendations (Dkt. No. 68), **DISMISSES WITH PREJUDICE** Coronado's Petition (Dkt. No. 1), and **DENIES** Coronado a certificate of appealability.

## I. Background

As described in the Magistrate Judge's R&R, Petitioner Raul Coronado, Jr. ("Coronado") was convicted in Texas state court of one count of Continuous Sexual Assault of a Young Child, three counts of Aggravated Sexual Assault, and three counts of Indecency with a Child. Dkt. No. 68 at 5. Coronado pursued a direct appeal, arguing that the trial court erred in denying his motion to suppress the fruit of a search and in denying his motion for a DNA expert. *Id.* The appellate court affirmed the judgment, and the Texas Court of Criminal Appeals denied discretionary review. *Id.* Coronado then filed a state habeas petition, alleging more

than a dozen grounds for relief. *Id.* at 6. His petition was dismissed, and he later filed his instant federal habeas petition. *Id.*

## II. Analysis

After an independent review of the record and applicable law, the Court adopts the Magistrate Judge's proposed findings and recommendations except as to its analysis of Claims 3 and 9. The Court rejects the R&R as to those claims for the reasons described below.

### a. Claim 3

In Claim 3, Coronado argues that two Sixth-Amendment errors during his criminal trial warrant a new trial. First, he argues that the trial court erroneously denied his request to represent himself during a pretrial conference. *See* Dkt. No. 45 at 15. Second, he argues that the trial court erroneously granted the same request during trial without warning him of the dangers of self-representation. *See Id.* at 17.

Coronado did not raise either claim on direct appeal. These claims are therefore procedurally defaulted unless Coronado can show cause and prejudice for his failure to raise the claims on direct appeal. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Coronado argues that ineffective assistance of his appellate counsel exempts him from procedural default in Claim 3. The Magistrate Judge recommends that the Court find that Coronado has not shown prejudice and dismiss Claim 3 on that ground. Dkt. No. 68 at 10. Coronado objects, and argues that the Magistrate Judge misinterpreted caselaw. Dkt. No. 95 at 1-5.

Coronado fails on Claim 3 for a more straightforward reason: his ineffective-assistance-of-appellate-counsel argument is procedurally defaulted. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted" unless "the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In other words, the claim of ineffective

assistance of counsel on direct appeal is an independent constitutional violation, which must itself be exhausted using state collateral review procedures. *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). Therefore, Coronado must either have brought his ineffective-assistance-of-appellate-counsel argument in his state habeas proceedings or show cause and prejudice for his failure to do so. He has done neither. Therefore, his Claim 3 is subject to procedural default and must be dismissed.

### b. Claim 9

In Claim 9, Coronado argues that his convictions for "Aggravated Sexual Assault of a Child" and "Indecency with a Child" violate the Double-Jeopardy Clause of the Fifth Amendment. Dkt. No. 1 at 12-13. The Magistrate Judge recommends that Coronado's convictions do not constitute double jeopardy because "Aggravated Sexual Assault of a Child," as compared to "Indecency with a Child," requires an additional element of an aggravating factor. Dkt. No. 68 at 30. However, the Magistrate Judge does not consider whether "Indecency with a Child" contains an element not included in "Aggravated Sexual Assault of a Child." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether *each* provision requires proof of a fact which the other does not.") (emphasis added). The Court nevertheless finds that double jeopardy does not apply to Coronado's convictions.

The state habeas court determined that double jeopardy did not apply because, although the sexual assaults and indecencies occurred on the same dates, each assault-indecency pair included two "separate, distinct acts" which could be charged separately. Dkt. No. 17-19 at 8. This analysis is consistent with caselaw. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (finding that "the Legislature intended to punish" each offense separately); *Missouri v. Hunter*, 459 U.S. 359 (1983) (finding that *Blockburger* does not apply if "a legislature specifically authorizes cumulative punishment under two statutes"). The state habeas court's conclusion therefore did not conflict with clearly established federal law, nor was it

based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d). Coronado's Claim 9 should therefore be dismissed.

### III. Conclusion

Accordingly, this Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's proposed findings and recommendations (Dkt. No. 68), **DISMISSES WITH PREJUDICE** Coronado's Petition (Dkt. No. 1), and **DENIES** Coronado a certificate of appealability.

Final Judgment in this case will be entered separately in accordance with Federal Rule of Civil Procedure 58.

SIGNED this 17th day of January, 2018.

　　　　　　　　　　　　　　　　　*/s/ Hilda Tagle*
　　　　　　　　　　　　　　　　　Hilda Tagle
　　　　　　　　　　　　　　　　　Senior United States District Judge